# NO. 23-2158

In The

# United States Court Of Appeals
## For The Fourth Circuit

### XYAVIER CALLISTE,

*Plaintiff - Appellee,*

v.

### OFFICER XENG LOR, in his individual capacity,

*Defendant - Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT CHARLOTTE**

————————————

### APPELLEE'S MOTION TO DISMISS

————————————

**Micheal L. Littlejohn, Jr.**
**LITTLEJOHN LAW, PLLC**
**P. O. Box 16661**
**Charlotte, NC 28297**
**(704) 322-4581**

*Counsel for Appellee*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

**DISCLOSURE STATEMENT**

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.


No. _23-2158_          Caption: _Xyavier Calliste v. Officer Xeng Lor_

Pursuant to FRAP 26.1 and Local Rule 26.1,

_Plaintiff Xyavier Calliste_
(name of party/amicus)

_____

who is _____appellee_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)


1.      Is party/amicus a publicly held corporation or other publicly held entity?      ☐YES ☑NO

2.      Does party/amicus have any parent corporations?      ☐YES ☑NO
        If yes, identify all parent corporations, including all generations of parent corporations:

3.      Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?      ☐YES ☑NO
        If yes, identify all such owners:

4.   Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation?   ☐YES ☑NO
     If yes, identify entity and nature of interest:

5.   Is party a trade association? (amici curiae do not complete this question)   ☐YES ☑NO
     If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.   Does this case arise out of a bankruptcy proceeding?   ☐YES ☑NO
     If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

7.   Is this a criminal case in which there was an organizational victim?   ☐YES ☑NO
     If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

Signature: s/ Micheal L. Littlejohn Jr.                    Date:        11.17.23

Counsel for: Plaintiff-Appellee Calliste

- 2 -

[ Print to PDF for Filing ]     [ Reset Form ]

# TABLE OF CONTENTS

**Page:**

TABLE OF AUTHORITIES......................................................................... ii

RELIEF SOUGHT .....................................................................................1

SUMMARY OF ARGUMENT....................................................................1

BACKGROUND .........................................................................................4

ARGUMENT ...............................................................................................5

    I.    The Court lacks Jurisdiction to review the determination that a question of fact exists concerning whether Officer Lor violated the Constitution when he shot Calliste..................................................7

    II.    The Court lacks Jurisdiction to review the determination that a question of fact exists concerning their application to clearly-established law .................................................................................10

CONCLUSION ..........................................................................................14

CERTIFICATE OF COMPLIANCE.........................................................17

# TABLE OF AUTHORITIES

**Page(s):**

**Cases:**

*Behrens v. Pelletier*,
516 U.S. 299 (1996)......................................................................................2

*Brown v. Elliott*,
876 F.3d 637 (4th Cir. 2017).....................................................................14

*Buonocore v. Harris*,
65 F.3d 347 (4th Cir. 1995).........................................................................7

*Calliste v. City of Charlotte*,
No. 3:21-CV-455-MOC,
2023 WL 6367672 (W.D.N.C. Sept. 28, 2023) ....................................*passim*

*Cooper v. Sheehan*,
735 F.3d 153 (4th Cir. 2013).....................................................................13

*Culosi v. Bullock*,
596 F.3d 195 (4th Cir. 2010).....................................................................14

*Finelli by and through Finelli v. Tabb*,
67 F.3d 67 (4th Cir. 1995)...........................................................................6

*Gould v. Davis*,
165 F.3d 265 (4th Cir. 1998).......................................................................7

*Graham v. Connor*,
490 U.S. 386, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989) ...........................13

*Gray-Hopkins v. Prince George's Cnty.*,
309 F.3d 224 (4th Cir. 2002).......................................................................2

*Henry v. Purnell*,
619 F.3d 323 (4th Cir. 2010)
*prior appeal dismissed in unpublished opinion*,
119 Fed. App. 441 (4th Cir. 2005)............................................................15

*Hensley v. Price*,
　　876 F.3d 573 (4th Cir. 2017) .......................................................................13

*Hope v. Pelzer*,
　　536 U.S. 730, 112 S. Ct. 2508, 153 L. Ed. 2d 666 (2002) ...........................13

*Iko v. Shreve*,
　　535 F.3d 225 (4th Cir. 2008) ............................................................2, 6, 10, 11

*Johnson v. Jones*,
　　515 U.S. 304, 115 S. Ct. 2151, 132 L. Ed. 2d 238 (1995) ....................*passim*

*Kane v. Lewis*,
　　483 F. Appíx. 816 (4th Cir. 2012) ..................................................................14

*Krein v. Price*,
　　596 F. App'x 184 (4th Cir. 2014) ........................................................... 13-14

*Landrum v. Bowens*,
　　373 F. App'x 370 (4th Cir. 2010) ..................................................................12

*Lee v. Town of Seaboard*,
　　863 F.3d 323 (4th Cir. 2017) .......................................................................14

*Livingston v. Kehagias*,
　　803 F. App'x 673 (4th Cir. 2020) ...................................................................7

*Mitchell v. Forsyth*,
　　472 U.S. 511, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985) ................................3

*Pritchett v. Alford*,
　　973 F.2d 307 (4th Cir. 1992) ...........................................................................7

*Rhoades v. Forsyth*,
　　834 F. App'x 793 (4th Cir. 2020) ..................................................................12

*Scott v. Harris*,
　　550 U.S. 372, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) .............................8

*Swick v. Wilde*,
　　No. 12-2196, 2013 WL 3037515 (4th Cir. June 19, 2013) ...........................12

iii

*Tarashuk v. Doroski*,
   2023 U.S. App. LEXIS 26834 (2023) ...........................................................15

*Valladares v. Cordero*,
   552 F.3d 384 (4th Cir. 2009)......................................................................16

*Vathekan v. Prince George's Cnty.*,
   154 F.3d 173 (4th Cir. 1998).........................................................................7

*Waterman v. Batton*,
   393 F.3d 471 (4th Cir. 2005)......................................................................11

*Williams v. Strickland*,
   917 F.3d 763 (4th Cir. 2019)......................................................................11

*Winfield v. Bass*,
   67 F.3d 529 (4th Cir. 1995)........................................................................15

*Winfield v. Bass*,
   106 F.3d 525 (4th Cir. 1997)............................................................2, 11, 12

*Witt v. W. Va. State Police*,
   633 F.3d 272 (4th Cir. 2011)......................................................................15

**Statutes:**

28 U.S.C.S. § 1291...............................................................................1, 2

**Constitutional Provisions:**

U.S. Const. amend. IV ....................................................................*passim*

**Rules:**

Fed. R. App. P. 27................................................................................1

4th Cir. R. 27(a).................................................................................4

4th Cir. R. 27(f)................................................................................1

## RELIEF SOUGHT

This appeal invites the Court to decide whether a CMPD police officer who shot a driver when they were "no longer in the trajectory" of the driver's car, is entitled to summary judgment based on qualified immunity. The district court denied summary judgment because it determined that the record raised a genuine issue of material fact. Because this Court lacks appellate jurisdiction over a denial of qualified immunity that turns on issues of disputes of materials facts, Plaintiff-Appellee ("Appellee"), Xyavier Calliste, moves this Court to dismiss the appeal with costs to the appellee for lack of jurisdiction.

## SUMMARY OF ARGUMENT

Pursuant to Fed. R. App. P. 27, and 4th Cir. R. 27(f), Appellee moves to dismiss this interlocutory appeal for lack of jurisdiction. Federal courts of appeals are granted jurisdiction to hear final decisions of district courts pursuant to 28 U.S.C.S. § 1291. While the collateral order doctrine permits interlocutory appeal of an order denying qualified immunity, it does so only where a district court's decision turns on a question of law. *Johnson v. Jones*, 515 U.S. 304, 319-20, 115 S. Ct. 2151, 132 L. Ed. 2d 238 (1995). The issue raised here is not a question of law as Defendant-Appellant Officer Xeng Lor ("Officer Lor") is simply disgruntled that the court below recognized factual disputes that precluded entry of summary judgment in his favor. Officer Lor seeks immediate appellate review of the district court's

September 28, 2023, order denying his motion for summary judgment and his assertion of qualified immunity. However, the Court found "a genuine dispute of material fact as to whether Officer Lor's use of deadly force against [Appellee] violated the Fourth Amendment." *Calliste v. City of Charlotte*, No. 3:21-CV-455-MOC, 2023 WL 6367672, at *6 (W.D.N.C. Sept. 28, 2023). The district court's denial of qualified immunity is based on material questions of fact for trial and, therefore, not subject to interlocutory appeal. *Johnson* at 319-20. Because the denial of qualified immunity hinges on a determination of facts, there is no jurisdiction for an interlocutory appeal. *See Id.* at *317; *Behrens v. Pelletier*, 516 U.S. 299, 313 (1996); *Winfield v. Bass*, 106 F.3d 525, 530 (4th Cir. 1997); *Gray-Hopkins v. Prince George's Cnty.*, 309 F.3d 224 (4th Cir. 2002). However, to the extent that Officer Lor seeks to argue the insufficiency of the evidence to raise a genuine issue of material fact-for example, that the evidence presented was insufficient to support a conclusion that he engaged in the particular conduct alleged, then the Court does not possess jurisdiction under § 1291 to consider the claim and, therefore, it should not do so absent some independent jurisdictional base. *Winfield*, 106 F.3d at 529-30.

As a general rule, interlocutory appeals are disallowed, however "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is [immediately appealable] notwithstanding the absence of a final judgment." *Iko v. Shreve*, 535 F.3d 225, 234 (4th Cir. 2008) (emphasis in original).

2

"[A] defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson*, 515 U.S. at 319-20, 115 S. Ct. 2151, 132 L. Ed. 2d 238.  Where qualified immunity is denied based on genuine issues of material fact, such an order is not immediately appealable.  *Id*. Here, the district court denied the Appellant, Officer Lor's motion for summary judgment on grounds of qualified immunity, finding "there is a genuine dispute as to whether [Officer Lor's] use of deadly force violated Plaintiff's clearly established Fourth Amendment rights." *Calliste*, 2023 U.S. Dist. LEXIS 174528, at *23 (2023).

On appeal, Officer Lor is asking this Court to credit his evidence and reweigh the evidence previously before the district court. In doing so, Officer Lor is now demanding that this Court resolve factual disputes in his favor. *Mitchell v. Forsyth*, 472 U.S. 511, 528-29, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985) (observing that the "question of immunity is separate from the merits of the underlying action for purposes of [an interlocutory appeal under the collateral order doctrine] even though a reviewing court must consider the plaintiff's factual allegations in resolving the immunity issue"). Here, the district court's denial of qualified immunity rests not on a legal determination, but on genuine issues of fact to be determined at trial.  As a result, the Court lacks jurisdiction over Officer Lor's interlocutory appeal.

Pursuant to 4th Cir. R. 27(a), Officer Lor's counsel has been notified of the intended filing of this motion to dismiss and will respond to the instant motion.[1]

## BACKGROUND

This interlocutory appeal arises from a shooting that occurred on July 31, 2018, and the district court's denial of Officer Lor's motion for summary judgment based on an assertion of qualified immunity.  In the underlying action, Plaintiff-Respondent alleges that Officer Xeng Lor violated his Fourth Amendment rights when he fired his weapon into the side of Calliste's vehicle, striking him twice, despite not being in the trajectory of the vehicle.[2]  As to Officer Lor's qualified immunity argument, the district court states the following:

> Taking the facts in the light most favorable to Plaintiff, there is a genuine dispute as to whether Officer Lor was in the trajectory of Plaintiff's vehicle when he shot Plaintiff. Consequently, there is a genuine dispute as to whether Defendant's use of deadly force violated Plaintiff's clearly established Fourth Amendment rights. Defendant has failed to carry his burden on summary judgment, and as to qualified immunity his motion will be denied. *Calliste*, 2023 U.S. Dist. LEXIS 174528.

---

[1] See Exhibit A; January 4, 2024 letter to Counsel.

[2] Plaintiff's Complaint also contains allegations and causes of action against other parties not at issue in this appeal. Specifically, Appellee's negligence per se claim, which essentially operates as a claim against the City of Charlotte, against Defendant City of Charlotte is scheduled for trial on April 15, 2024, at 09:30 a.m. in Courtroom #5A, 401 W Trade St, Charlotte, NC 28202, before District Judge Max O. Cogburn Jr.

The district court set forth that it based the denial of qualified immunity on factual questions, not on any determination of a question of law.

In Officer Lor's opening brief, he asserts that the district court erred when it ruled (1) Officer Lor's shots amounted to excessive force and (2) there was "a 'clearly established' Fourth Amendment right to be free from deadly force" under the factual circumstances established in the record.  The district court did not make a finding of excessive force as Officer Lor contends. Although the district court did make a legal determination that there was a clearly established right, Appellant does not challenge this determination.  Instead, Officer Lor focuses his argument on whether certain disputed facts would take the allegations outside the clearly established parameters—whether Officer Lor had sufficient justification to shoot Calliste.  Officer Lor does not argue that the binding precedent from this Court failed to provide "fair warning" that his actions were unconstitutional.

In sum, this Court lacks jurisdiction to determine the issues raised on appeal by the Appellant, Officer Lor, because all concern questions of fact as determined by the district court and the Appellant raises no reviewable determinations of law.

## ARGUMENT

Generally, interlocutory appeals are disfavored because they invade the province of the trial court, cause delay, increase cost, and risk asking the appellate court to answer a question based on an underdeveloped record, which, had the case

simply proceeded to trial, may be unnecessary to answer in the first instance. *See Johnson*, 515 U.S. at 309, 115 S. Ct. 2151, 132 L. Ed. 2d 238. However, "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is [immediately appealable] notwithstanding the absence of a final judgment *Iko*, 535 F.3d at 234 (emphasis in original) S.Ed.2d 411 (1985). "[A] defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson*, 515 U.S. at 319-20, 115 S. Ct. 2151, 132 L. Ed. 2d 238. Where qualified immunity is denied based on genuine issues of material fact, such an order is not immediately appealable. *Id.*; *see also Finelli by and through Finelli v. Tabb*, 67 F.3d 67 (4th Cir. 1995).

The district court denied Officer Lor's assertion of qualified immunity as a bar to this action based on the questions of fact that exist at the summary judgment stage of this matter. Qualified immunity does not exist in a vacuum, and here, it turns on the particular circumstances and perceptions of those involved in the encounter. In other words, upon reviewing the evidence, a reasonable jury could view the sequence of events differently than the officer said he did. To be sure, Officer Lor tries to cast his arguments as legal disputes, but this appeal does not raise questions about whether certain undisputed conduct violated the Fourth Amendment

or whether the law was clearly established.  The only issues raised by Officer Lor in his appeal concern what happened at the scene. Those are questions of fact, not law.

**I.    The Court lacks Jurisdiction to review the determination that a question of fact exists concerning whether Officer Lor violated the Constitution when he shot Calliste.**

There is no jurisdiction for interlocutory review of a district court's determination that "the pretrial record sets forth a 'genuine' issue of fact for trial." *Gould v. Davis*, 165 F.3d 265, 268 (4th Cir. 1998).  While determinations of law in a qualified immunity denial are immediately appealable, those which hinge on questions of fact are not.  The application of qualified immunity is a legal determination for the court, but disputed facts are treated no differently in qualified immunity analysis than in any other context. *Buonocore v. Harris*, 65 F.3d 347, 359 (4th Cir. 1995) (citing *Pritchett v. Alford*, 973 F.2d 307, 313 (4th Cir. 1992)). "[S]ummary judgment on qualified immunity grounds is improper as long as there remains any material factual dispute regarding the actual conduct of the defendants." *Vathekan v. Prince George's Cnty.*, 154 F.3d 173, 180 (4th Cir. 1998) (internal quotations omitted).  Where a party seeks to appeal the sufficiency of the evidence in a denial of qualified immunity, there is no jurisdiction to review a district court's order regarding its determination of genuine issues of fact.  *Livingston v. Kehagias*, 803 F. App'x 673 (4th Cir. 2020) (unpublished)(citing *Gould* at 268).

The District Court reviewed Officer Lor's body worn camera (BWC) footage referenced in Appellant's brief which shows that Officer Lor "fired into the side of [Plaintiff's] vehicle after the front bumper passed [Officer Lor]" *Calliste*, 2023 U.S. Dist. LEXIS 174528, at *19 n.4. In *Scott v. Harris*, the U.S. Supreme Court guided courts on how to resolve such "disputes" on summary judgment:

> When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment. *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007).

This is precisely the situation here. Officer Lor's factual allegations from his summary judgment argument and opening brief are contradicted by the video record. The district court determined, after review of the factual record, that a "reasonable factfinder could determine that any belief that [Officer Lor] continued at that point to face an imminent threat of serious physical harm [*16] would be unreasonable." *Calliste*, 2023 U.S. Dist. LEXIS 174528, at *15-16. The district court added, "indeed, the BWC footage establishes a genuine dispute as to whether Mr. Calliste ever "aimed" his car at Officer Lor." *Id*. at *23.

The issues asserted by Officer Lor in his appeal can be summarized as objections that the district court declined to credit Officer Lor's view of the facts. Officer Lor's chief complaint is that the district court did not find his qualified

immunity argument to entitle him to summary judgment because when his interpretation of the disputed facts shows no constitutional violation of clearly established law. Officer Lor does not and cannot identify an error of law the district court relied on. The only issues Officer Lor asserts in this appeal are those of evidentiary sufficiency, which is not an appropriate interlocutory appeal.

In the summary judgment order, the court finds a genuine dispute over whether the car driven by Calliste was 'aimed' at Officer Lor based on testimony, body worn camera footage, and the angle from which shots were fired. The court further finds a question of fact, based on these same unknown variables, as to the reasonableness of an officer perceiving the vehicle as a threat. Without delving into the elements of establishing Fourth Amendment excessive force claims here, as Officer Lor has not challenged the law applied by the district court, the court held there is "a genuine dispute of material fact as to whether Officer Lor's use of deadly force against Mr. Calliste violated the Fourth Amendment." *Calliste* at *16.

Officer Lor rejects the district court's determinations, and there is simply no jurisdiction for this Court to review those determinations at this stage. The district court made no determination that a constitutional violation did in fact occur, only that a jury could make that finding based on the evidence in the record. The credibility, weight, and reasonableness of Officer Lor's actions must remain within

the sound purview of a jury.  As ordered below, this matter must proceed to trial for a determination of these factual questions by a jury.

## II.     The Court lacks Jurisdiction to review the determination that a question of fact exists concerning their application to clearly-established law.

Interlocutory review of a denial of qualified immunity is permissible insomuch as the decision turns on a question of law.  *Johnson*, 515 U.S. 304, 115 S. Ct. 2151, 132 L. Ed. 2d 238. Here, as in *Iko*, 535 F.3d 225, this Court is asked to review a decision which finds that the facts are so controverted as to warrant a trial and that the legal right purportedly violated was clearly established.  *Id*. at 235.  The *Iko* court explains:

> If summary judgment was denied as to a particular claim solely because there is a genuine issue of material fact, that claim is not immediately appealable and we lack jurisdiction to hear it.  If instead summary judgment was denied as to a particular claim because the officers were found, on the facts viewed most favorably to Plaintiffs, to have violated [] clearly established constitutional rights, that claim is properly before us.  *Id*.

Here, the district court cites questions of fact as to its basis for the denial of summary judgment.  The district court finds genuine disputes on whether Officer Lor's use of deadly force violated Calliste's clearly established Fourth Amendment rights.  *Calliste*, 2023 U.S. Dist. LEXIS 174528, at *23.  There can be no question that this is a factual determination, not a legal one.

The district court found that under Fourth Circuit clearly established law, an officer may not use deadly force against a subject in a moving vehicle when the officer is not in the trajectory of the vehicle. *Calliste*, 2023 U.S. Dist. LEXIS 174528 at *18 (quoting *Williams v. Strickland*, 917 F.3d 763, 770 (4th Cir. 2019) (with internal citation *Waterman v. Batton*, 393 F.3d 471 (4th Cir. 2005)). Officer Lor does not allege that reliance on Waterman is an error, only that the facts here, in Officer Lor's view, do not show a violation of this clearly established right. Officer Lor invites the Court to revisit the factual disputes, not to accept them as viewed by the district court, and to apply them to the same authority cited by the lower court. This is not a legal issue, but a factual one, and is not subject to interlocutory appeal.

Of course, "nearly every 'decision of a district court denying a governmental official's request for summary judgment based upon qualified immunity will encompass' both a factual and a legal determination--'that the facts are sufficiently controverted to warrant a trial and that the legal right purportedly violated was clearly established.'" *Iko*, 535 F.3d at 234-35 (quoting *Winfield v. Bass*, 106 F.3d 525, 529 (4th Cir. 1997)) (emphasis in original). Here, the district court's order, as required at the summary judgment stage, assumed facts in favor of Appelle making its legal conclusion. But, as explained above, the genuineness of these facts is the very issue Appellant raises in this court.

11

Appellant purports to raise legal issues in this appeal based on undisputed facts, yet the substance of his appellate arguments belie that assertion. A review of his brief reveals that the so-called legal arguments offered "hinge repeatedly, and fundamentally, on a view of the facts contrary to that reached by the district court in evaluating his summary judgment motion" and are outside the purview of permissible interlocutory review. *Rhoades v. Forsyth*, 834 F. App'x 793, 796 (4th Cir. 2020) (unpublished) (citing *Winfield v. Bass*, 106 F.3d 525, 530 (4th Cir. 1997) (en banc)). Officer Lor has asked this Court to resolve disputed facts in his favor and base its legal ruling on those facts.

The Court does not possess jurisdiction to conduct review of these facts pursuant to *Johnson* and its progeny, and it is improper to decide the legal issue in question with regard to disputed versions of the facts as set forth herein. *See Johnson*, 515 U.S. at 314, 115 S. Ct. 2151, 132 L. Ed. 2d 238 (dismissing case for lack of jurisdiction because the Court could not "find any . . . 'separate' [legal] question — one that is significantly different from the fact-related legal issues that likely underlie the plaintiff's claim on the merits"); *see also Swick v. Wilde*, No. 12-2196, 2013 WL 3037515, at *5 (4th Cir. June 19, 2013) (dismissing appeal for lack of jurisdiction where "[a]lthough Wilde attempts to convince us that his appeal presents only a legal question based on undisputed facts, his arguments rely on his own version of the events, not Swick's."); *Landrum v. Bowens*, 373 F. App'x 370, 371 (4th Cir. 2010)

(dismissing appeal for lack of jurisdiction, stating, "[a]lthough the district court did make a legal determination that there was a clearly established right to reasonable medical care, Appellants do not challenge that determination, but instead the fact-related issues regarding whether certain actions occurred that could amount to a constitutional violation").

Insofar as Officer Lor argues that the District Court improperly referenced 'pre-existing law' that established constitutional rights, he fails to allege any error of law and asserts that no preexisting law is identified.    Officer Lor fails to acknowledge the multitude of clearly-establish authority cited by the district court including, *Graham v. Connor*, 490 U.S. 386, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989) (Whether force is excessive and so renders a seizure unreasonable is an objective inquiry as to what a reasonable officer would believe in light of the facts and circumstances on the scene.); *Hope v. Pelzer*, 536 U.S. 730, 112 S. Ct. 2508, 153 L. Ed. 2d 666 (2002) (A clearly established right is one with contours sufficient clear that a reasonable official would understand that what he is doing violates that right.); *Cooper v. Sheehan*, 735 F.3d 153 (4th Cir. 2013) (A reasonable officer is entitled to use deadly force where the officer has probable cause to believe that a suspect poses a threat of serious physical harm to the officer or others.); *Hensley v. Price*, 876 F.3d 573, 582 (4th Cir. 2017) (The decision to use lethal force must be objectively reasonable without regard to an officer's underlying intent or motivation.);  *Krein v.*

*Price*, 596 F. App'x 184, 190 (4th Cir. 2014) (concluding that Waterman clearly established the Fourth Amendment right of a motorist to be free from deadly force when officers are "not at serious risk of being struck" by the vehicle); *Brown v. Elliott*, 876 F.3d 637, 644 (4th Cir. 2017) (observing that it is clearly established law that an officer is unreasonable in firing at a moving vehicle that "had passed [the officers] without veering in their direction"); and *Lee v. Town of Seaboard*, 863 F.3d 323 (4th Cir. 2017).

Officer Lor does not allege or cite any errors of law, and as such there is no issue proper for appeal.

## CONCLUSION

Where a district court's denial of qualified immunity is based on a determination that genuine issues of material fact exist, this is outside the jurisdiction of the appellate court. *Johnson*, 515 U.S. 304, 115 S. Ct. 2151, 132 L. Ed. 2d 238. The Fourth Circuit routinely acknowledges this limitation and should recognize it again here. *See Culosi v. Bullock*, 596 F.3d 195, 198 (4th Cir. 2010) (A defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial.); *Kane v. Lewis*, 483 F. Appíx. 816 (4th Cir. 2012)(A district court's denial of an officer's claim to qualified immunity would be an appealable final decision if it turned on an issue of law, but we lack

jurisdiction over a denial of qualified immunity where the decision is based upon a disputed question of fact.); *Winfield v. Bass*, 67 F.3d 529 (4th Cir. 1995) (Where a district court determines that there are genuine issues of material fact concerning the reasonableness of an officer's conduct/perceptions and denies qualified immunity, such decisions are not immediately appealable.); *Witt v. W. Va. State Police*, 633 F.3d 272 (4th Cir. 2011) (Attempts to rehash the factual disputes from the district court level provide no basis for interlocutory appeal denying summary judgment on qualified immunity grounds.); *Henry v. Purnell*, 619 F.3d 323 (4th Cir. 2010) (prior appeal dismissed in unpublished opinion, 119 Fed. App. 441(4th Cir. 2005)) (An argument that the record does not support a district court's conclusion that a factual dispute existed which precludes the application of qualified immunity is not a legal argument, but a challenge to factual findings, and as such, the appellate court lacks jurisdiction to hear such an appeal.); *Tarashuk v. Doroski*, 2023 U.S. App. LEXIS 26834 (2023) (The appellate court's jurisdiction over such interlocutory appeals is limited to the extent the denial of qualified immunity turns on an issue of law. Thus, we do not disturb the district court's assessment of the record evidence on appeal.).

The legal question of whether Officer Lor is entitled to qualified immunity as to Mr. Calliste's excessive force claim depends entirely on the factual questions identified by the lower court. This appeal tries to "argue the insufficiency of the evidence to raise a genuine issue of material fact" and must therefore be dismissed

for lack of jurisdiction. *Valladares v. Cordero*, 552 F.3d 384, 388 (4th Cir. 2009). For these reasons given, this interlocutory appeal should be dismissed.

Plaintiff-Appellee asks that this matter be dismissed and remanded for trial on the merits and further seeks costs associated with the preparation and filing of this motion.

Respectfully submitted,

/s/ Micheal L. Littlejohn, Jr.
Micheal L. Littlejohn, Jr.
LITTLEJOHN LAW, PLLC
P. O. Box 16661
Charlotte, NC 28297
(704) 322-4581

*Counsel for Appellee*

16

**CERTIFICATE OF COMPLIANCE**

1.      This document complies with type-volume limits because excluding the parts

of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure

statement, table of contents, table of citations, statement regarding oral argument,

signature block, certificates of counsel, addendum, attachments):

> this document contains 3,895 words.

2.      This document complies with the typeface requirements because:

> this document has been prepared in a proportional spaced typeface using
>
> Microsoft Word in 14-point Times New Roman.

Dated: January 31, 2024  /s/ Micheal L. Littlejohn, Jr. 
           Micheal L. Littlejohn, Jr.
           LITTLEJOHN LAW, PLLC
           P. O. Box 16661
           Charlotte, NC 28297
           (704) 322-4581

           *Counsel for Appellee*

**EXHIBIT**



## CERTIFICATE OF MAILING

On: January 4, 2024
The United States Postal Service verified acceptance and mailing of the enclosed documents marked with the CASEMAIL ID, postage pre-paid with sufficient postage, to the following recipients

**ON BEHALF OF:**

Littlejohn Law, PLLC
227 W. 4th Street
Suite B113
Charlotte, NC 28202

**RECIPIENT:**

Cranfill Sumner
Stephanie H Webster
2907 Providence Rd Ste 200
Charlotte, NC 28211-2765

### MAILING HISTORY

**Observations:**

| | |
|---|---|
| MAILED ON: | January 4, 2024 |
| POSTAGE TYPE: | First Class Certified Mail with Return Receipt |
| CASEMAIL ID: | CM-42161-0197.02 |
| USPS BARCODE: | 92071901324734001956626960 |



**USPS SCAN**



**CASEMAIL ID**

CM-42161-0197.02

## CONTENT VERIFICATION



Copies of documents, along with applicable mailing certificates and delivery certificates, are archived and accessible to authorized parties.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have mailed/served the above-referenced document(s) on the mailing list attached hereto in the manner shown and prepared on the Declaration of Mailing / Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

**DATE:** January 4, 2024



DIGITAL STAMP:

/S/ Joe L. Ruiz

Vertrius, Corp.
d/b/a CASEMAIL
16192 Coastal Highway
Lewes, DE 19958



Approved Postal Provider ®

www.CaseMail.us



CERT FORM: USPS 101

# USPS CERTIFED MAIL®

## CERTIFICATE OF DELIVERY

The following information displayed in this certificate was provided by the United States Postal Services
and verified by VerTrius d/b/a CaseMail. If signature is required of the recipient, a request must be made prior to mailing.

---

### United States Postal Service Certified Mail ®

**Sender:**
Littlejohn Law
PLLC
227 W. 4th Street
Suite B113
Charlotte, NC 28202

**DELIVERY STATUS VERIFIED BY USPS**

| DATE OF DELIVERY: | January 8, 2024 7:10 pm |
|---|---|

**1. Article Addressed to:**
Cranfill Sumner
Stephanie H Webster
2907 Providence Rd Ste 200
Charlotte, NC 28211-2765

**USPS DELIVERY SCAN:**
Your item was delivered to an individual at the address at 7:10 pm on January 8, 2024 in CHARLOTTE, NC 28211.

**2. Article Number:** 92071901324734001956626960

**3. CaseMail ID:** CM-42161-0197.02

**4. Proof of Postage:**

Copy of documents attached hereto stamped with the above listed CaseMail ID were enclosed,
mailed, and delivered by the United States Postal Service.

VerTrius Certificate Form: USPS 101        Copyright 2019

---



PROOF OF POSTAGE PAID:



PROOF OF POSTAGE PAID:

PROOF OF MAILING:

USPS® verified acceptance of the attached documents with sufficient postage paid and were mailed on the date listed below:

1/4/2024

CONTENT VERIFICATION:

CaseMail ID:

CM-42161-0197.02

---

# Document / Content Verification



Copy of mailed documents attached hereto with the above listed CaseMail ID were enclosed,
mailed, and delivered by the United States Postal Service. Copies of documents along with
applicable certificates of mailing and certificates of delivery are archived and accessible to
authorized parties for 10 years. Request for copies can be made
at **www.CaseMail.us/certificates**

The undersigned does hereby declare under penalty of perjury of the laws of the United States that
I have mailed/served the above referenced document(s) on the mailing list attached hereto in the
manner shown and prepared on the Declaration of Mailing / Certificate of Service and that it is true
and correct to the best of my knowledge, information, and belief.

Dated:   January 8, 2024 7:10 pm

Joe L. Ruiz
VerTrius, Corp.
d/b/a CaseMail
16192 Coastal Highway
Lewes, DE 19958

**Copyright 2019 by VerTrius Corp** All Rights Reserved



January 3, 2024

via USPS Certified Mail
City of Charlotte
c/o Officer Xeng Lor (via Counsel)
5420 Wade Park Boulevard, #300
Raleigh, NC 27607
Fax: (919) 865-7921
Email: sbader@cshlaw.com

*Re: Notification of Unappealable District Court Order*

Dear Mr. Bader,

     I am writing this letter on behalf of my client to express grave concern regarding Officer Lor's appeal of the September 28, 2023, District Court Order, which denied his Motion for Summary Judgment. Judge Cogburn denied qualified immunity and public official immunity to Officer Lor. According to the District Court, there were two key findings: (1) there were genuine disputes regarding whether Lor was in the trajectory of Mr. Calliste's vehicle at the time when he fired his weapon, and (2) it is well-established that if an officer shoots at a driver when they are not in the trajectory of the driver's car, it is a violation of that driver's Fourth Amendment right to be free from excessive force.

     The District Court properly denied qualified immunity to Officer Lor, who fired twice at Mr. Calliste's vehicle, striking him in the hand and leaving him permanently disabled, because, although Officer Lor claims he was in danger when he fired shots when he fired the first and second shot he was on the passenger side of the vehicle and thus was no longer in danger of being hit. While a denial of qualified immunity can be the basis for an interlocutory appeal, it is not so here. The Fourth Circuit Court of Appeals lacks jurisdiction to hear this matter, and I am asking you to consider withdrawing your appeal and proceeding with a trial in the Western District of North Carolina.

     For these reasons, the United States Supreme Court has held that a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a "genuine" issue of fact for trial. *Johnson v. Jones*, 515 U.S. 304, 319-20, 115 S. Ct. 2151, 132 L. Ed. 2d 238 (1995). In these proceedings, the district court concluded that genuine issues of material fact exist as to preclude entry of summary judgment. Therefore, the Fourth Circuit lacks jurisdiction to consider the district court's summary judgment ruling. In other words, the Fourth Circuit possesses no jurisdiction over a summary judgment ruling that genuine issues

|L|

of material fact exist for trial.  The only proper consideration in an interlocutory appeal of this matter would be limited to the ruling that the constitutional violation alleged is clearly established. Judge Cogburn's order denying qualified immunity to Officer Lor is not immediately appealable because the district court merely determined that genuine disputes of material fact existed—a determination not subject to interlocutory appeal.

As the District Court states, the federal rights involved here and their contours were clearly established at the time of the wrongful conduct.  Fourth Circuit precedent directly addresses the issue of officers shooting at a driver of a moving vehicle and has established that such use of force is reasonable when the officer is in the car's trajectory and is unreasonable if the officer is not.  It is also clearly established that an officer is justified in using deadly force when they reasonably believe that the suspect poses an imminent risk of serious bodily harm.  Before the District Court can determine whether qualified immunity applies to Mr. Lor, material facts must be determined: the vehicle's trajectory and the reasonableness of Lor's belief that this was a threat.

Since January 3, 2005, when the Fourth Circuit entered its decision in *Waterman*, the unconstitutionality of an officer shooting at the driver of a moving vehicle that has passed his position and poses no imminent threat of serious physical harm to the officer or other persons has been clearly established in North Carolina. Therefore, Officer Lor is not entitled to qualified immunity, and his motion for summary judgment was properly denied. Because the denial of qualified immunity hinged on a determination of facts, there is no jurisdiction for an interlocutory appeal. See id. at 317, 115 S. Ct. 2151, 132 L. Ed. 2d 238; *Behrens v. Pelletier*, 516 U.S. 299, 313 (1996); *Winfield v. Bass*, 106 F.3d 525, 530 (4th Cir. 1997).

The Fourth Circuit was presented with the same sort of appeal in Iko v. Shreve, 535 F.3d 225, 230 (4th Cir. 2008). The Court notes that it lacks jurisdiction to re-weigh evidence to determine whether disputed material questions of fact should proceed to trial.  It is limited to review the legal conclusions about a party's entitlement to qualified immunity.  Where the lower court concludes that a genuine issue of material fact exists and that resolution of that question would determine whether a constitutional violation occurred, there is no legal issue on which to base jurisdiction. *Iko* at 237; *Landrum v. Bowens*, 373 F. App'x 370, No. 09-7910, 2010 WL 1452607 (4th Cir. Apr. 13, 2010).

Finally, I should note that for your appeal, the Fourth Circuit is bound to view all facts in the light most favorable to Mr. Calliste, including the evidence of shots entering the side of Mr. Calliste's vehicle and that the front bumper had passed Mr. Lor's position before any shots were fired.  In the light most favorable to Mr. Calliste, this establishes that Lor was not in the vehicle's trajectory when he fired.  Again, the question remains as to whether Lor reasonably believed he faced an imminent threat of serious physical harm.  Our Court specifically ruled on this issue in *Williams v. Strickland*, 917 F.3d 763 (4th Cir. 2019), finding that officers who fired after they were outside the path of the car violated the Fourth

CM-42161-0197



Amendment. The Court concluded that this particularized reasoning was encompassed in the previously well-settled *Waterman* case law in 2005. As the District Court correctly noted, Williams did not establish a new right, and is not a radical departure from the Waterman decision. Officer Lor thus had "fair warning" that shooting Mr. Calliste from outside the trajectory of Mr. Calliste's vehicle was unconstitutional. *See Hope v. Pelzer*, 536 U.S. 730, 740 n.10 (2002). Officer Lor did not address *Williams* in their summary judgment motion.

For these reasons, I am bringing this to your attention before seeking dismissal of this appeal and possible sanctions for costs associated with this frivolous appeal. We have no reason to doubt that the Officer was properly denied summary judgment based on qualified immunity as to Mr. Calliste's excessive force claims under the Fourth and Fourteenth Amendments because the district court's qualified immunity decision was unassailable without improperly reweighing record evidence. Whether you agree or disagree with the district court's assessment of the record evidence on the issues on appeal does not matter in the context of this interlocutory appeal. *Culosi v. Bullock*, 596 F.3d 195, 201 (4th Cir. 2010). This is because "there is no legal issue on appeal on which we could base jurisdiction." *Iko*, 535 F.3d at 237.

I hope this issue can be resolved, and we can proceed with a trial. I am trying my best to avoid court intervention in a matter in which a court lacks jurisdiction. The District Court's order denying Officer Lor qualified immunity and public official immunity does not warrant the use of time and resources associated with his appeal to the Fourth Circuit.

Yours, sincerely,

Micheal L. Littlejohn Jr., Esq.
Littlejohn Law, PLLC
(704) 322 – 4581
227 W. 4th St. Ste B-113
Charlotte, North Carolina 28202

*cc'd Roger McCalman, Stephanie Webster*

mll@littlejohn-law.com    704.322.4581    704.625.9396    Office Location: 227 W. Fourth Street Suite 302
Charlotte, NC 28202    Mailing Address: P.O. Box 16661 Charlotte, NC 28297

CM-42161-0197